728 A.2d 843

CLARENDON NATIONAL INSURANCE, PLAINTIFF–APPELLANT, v. NEURO–IMAGING DIAGNOSTICS, INC., AS ASSIGNEE FOR JUAN PEREZ, DEFENDANT–RESPONDENT.

NEURO–IMAGING DIAGNOSTICS, INC., AS ASSIGNEE FOR JUAN PEREZ, PLAINTIFF–RESPONDENT, v. CLARENDON NATIONAL INSURANCE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 14, 1999—Decided May 10, 1999.

Before Judges STERN, LANDAU and BRAITHWAITE.

*Michael Eatroff*, argued the cause for appellant Clarendon National Insurance (*Gutterman, Wolkstein, Klinger & Yohalem*, attorneys; *Mr. Eatroff*, on the brief).

*Edward C. Fabiano*, argued the cause for respondent Neuro–Imaging (*Wasserstrum and Fabiano*, attorneys; *Mr. Fabiano*, on the brief).

## PER CURIAM.

Plaintiff Neuro–Imaging Diagnostics, Inc. (NID) rendered certain testing services to Juan Perez, a person injured in an automobile accident and insured by defendant Clarendon National Insurance Company (Clarendon) for Personal Injury Protection (PIP) benefits. NID took an assignment from Perez of his rights for recovery against Clarendon. When it was paid only $704 by defendant on its $990 bill, NID opted to file a demand for arbitration with the American Arbitration Association pursuant to *N.J.S.A.* 39:6A–5h. The arbitrator entered an award of $286, plus attorneys fees and costs. NID then instituted its Law Division

action to recover the amount of the award plus costs and interest. Clarendon separately filed a Law Division complaint to vacate the award, asserting that it was "not consistent with law and not supported by substantial credible evidence"; contrary to public policy; and inconsistent with *N.J.S.A.* 2A:24–8.

Orders to show cause in both actions were afforded a hearing, following which the judge dismissed Clarendon's complaint to vacate, and granted NID's demand for enforcement. Two separate orders were entered and, as Clarendon filed an appeal from each, the matters were separately docketed but argued and considered back to back.

Clarendon argues that the arbitrator's decision was not supported by substantial credible evidence in the record and was contrary to law, asserting that the Law Division, and therefore this Court, must apply a standard of review more extensive than that provided under *N.J.S.A.* 2A:24–8, 9.

In support of this assertion, Clarendon relies upon the Supreme Court's opinion in *Division 540, Amalgamated Transit Union v. Mercer County Improvement Authority,* 76 *N.J.* 245, 386 *A.*2d 1290 (1978), in which the Court emphasized that the county authority was compelled by law to arbitrate and concluded that:

> because the arbitration process is imposed by law, the judicial oversight available should be more extensive than the limited judicial review had under *N.J.S.A.* 2A:24–8 to parties who voluntarily agree to submit their dispute to binding arbitration.
>
> [*Id.* at 253, 386 *A.*2d 1290.]

Substantial credible evidence, as in administrative appeals, was held to be the appropriate test on judicial review in that case. *Id.* at 254, 386 *A.*2d 1290. Taking its cue from this public sector decision, Clarendon argues that because *N.J.S.A.* 39:6A–5 is voluntary as to the insured but mandatory for the insurer when the insured opts for arbitration, the broader *Division 540* standard of review must be deemed applicable when an insurer seeks review of a PIP arbitration.

Recently, in *Habick v. Liberty Mutual Fire Insurance Company*, 320 *N.J.Super.* 244, 727 *A.*2d 51 (App.Div.1999), we considered a related argument in a PIP arbitration case in which the insured sought to avoid the limited fraud-or-corruption arbitration review standard of *N.J.S.A.* 2A:24–8 imposed upon voluntary contractual arbitrations. *Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc.*, 135 *N.J.* 349, 358, 640 *A.*2d 788 (1994). We distinguished in *Habick* cases involving public sector interest arbitration such as in *Division 540, supra,* from the standard appropriate where an insurer seeks to vacate a PIP arbitration award, *Habick, supra,* 320 *N.J.Super.* at 251–52, 727 *A.*2d 51, and concluded that the *Tretina* standard should apply to both the insured and insurer in PIP arbitrations. *Habick, supra,* 320 *N.J.Super.* at 252, 727 *A.*2d 51. In this regard, we relied upon the *Division 540* Court's conclusion that even though arbitration was compulsory only as to the public authority, both parties "should stand on equal terms insofar as the right to judicial review and scope thereof are concerned." *Division 540,* 76 *N.J.* at 253 n. 4, 386 *A.*2d 1290.

We rejected the argument that the logic of *Division 540*'s parity footnote instead compels use of the broader standard of review for both the insured and the insurer in PIP arbitration appeals. *Habick, supra,* 320 *N.J.Super.* at 249–52, 727 A.2d 51. Consistent with the reasoning there expressed, we affirm the orders under review [1].

---

[1] We have this date filed our opinion in *General Accident Insurance Co. v. Glenn S. Poller, Assignee of Juana Ledesma and Yolanda Genao,* 321 *N.J.Super.* 252, 728 *A.*2d 845 (App.Div.1999), which similarly holds.