728 A.2d 845 (1999)
321 N.J. Super. 252
GENERAL ACCIDENT INSURANCE COMPANY, Plaintiff-Respondent,
v.
Glenn S. POLLER, D.C., assignee of Juana Ledesma and Yolanda Genao, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1999.
Decided May 10, 1999.
S. Gregory Moscaritolo for defendant-appellant (Mr. Moscaritolo, on the brief).
Michael Eatroff, Westfield, for plaintiff-respondent (Gutterman, Wolkstein, Klinger & Yohalem, attorney; Daniel T. Towell, on the brief).
Before Judges STERN, LANDAU and BRAITHWAITE.
PER CURIAM.
Defendant chiropractor, Glenn S. Poller, appeals from an order of the Law Division vacating an award by a PIP arbitrator as to one patient, Juana Ledesma, and confirming the denial of an award as to another patient, Yolanda Genao. Dr. Poller proceeded as assignee for both patients who were allegedly injured in the same accident on January 26, 1994.
The arbitrator found "the form of assignment to be acceptable" with respect to Ledesma and that the statute of limitations with respect to the Ledesma claim "was tolled by evidence of [plaintiff carrier's] continuing investigation and failure to specifically deny the claims." The arbitrator, however, concluded that Dr. Poller had "failed to provide a valid assignment" from Genao and that the doctor was "not an intended beneficiary of the policy" under which "an executed assignment [was] a prerequisite to [the] action." As a result the Genao claim was "denied."
The Law Division judge adopted "the standard of review espoused by [an unpublished] Appellate Division [opinion]" which he said "required a determination of whether or not the arbitrator's factual findings were supported by substantial credible evidence in the record and whether the legal conclusions were consistent with the law."[1]
The Law Division judge held that the arbitrator erred in finding for Dr. Poller on the Ledesma claim on the basis that the two year statute of limitations was tolled by virtue of the communications from plaintiff carrier. However, the judge upheld the arbitrator's decision regarding patient Genao from whom Dr. Poller had not obtained an assignment.
Plaintiff contends that the Law Division "applied the appropriate scope of review" and correctly found that the Ledesma "arbitration award was not supported by substantial credible evidence in the record and its *846 legal conclusions were inconsistent with the law." It further argues that neither patient "provided a valid assignment" and that the Law Division properly ruled for the carrier in the Genao arbitration on this ground. In essence, plaintiff contends that because an insured has the "option" to submit a PIP dispute to "binding arbitration" under N.J.S.A. 39:6A-5(b), review of a carrier's challenge to an award to the claimant "should be more extensive than the limited judicial review had under N.J.S.A. 2A:24-8 to parties who voluntarily agree to submit their dispute to binding arbitration." Div. 540 v. Mercer County Improvement Authority, 76 N.J. 245, 253, 386 A.2d 1290 (1978). Plaintiff argues that a carrier should be entitled to review of a PIP arbitrator's award as if the matter involved a public interest or public sector arbitration because its participation is involuntary.
In Habick v. Liberty Mutual Fire Ins. Co., 320 N.J.Super. 244, 727 A.2d 51 (App.Div. 1999), we recently rejected a similar argument. Although addressing an insured's challenge to the determination of a PIP arbitrator, we there addressed the proper scope of review when either the carrier or the insured challenges the arbitrator's award. We said:
The standard of review of the public sector arbitrator's decision in either interest or grievance arbitration is broader than it would be for private, voluntary arbitration under Tretina [Printing v. Fitzpatrick & Associates, Inc., 135 N.J. 349, 640 A.2d 788 (1994) ].... Only in interest arbitration must the award also be supported by substantial credible evidence. [Citation omitted.] Plaintiff fails to note the distinction.
The rationale for the broader public sector standards of review is essentially bottomed on fairness to the parties, for whom arbitration of collective bargaining agreements is compulsory, [citations omitted]; the public's interest in avoiding violations of law or public policy; and protection of the public welfare. [Citations omitted.] Plaintiff would have us conclude that the same rationale requires a broader standard of review when an insuror seeks to vacate or modify a PIP arbitration award.
Plaintiff reasons that because only the insured, and not the insuror, can choose to arbitrate a PIP claim the insuror should not be limited by the Tretina standard. From that proposition, plaintiff argues that it would be unfair and contrary to the policy of encouraging PIP arbitration to apply a stricter standard of review to the insured than to the insuror; therefore a broader standard of review should apply to all PIP arbitration.
We assume that the same standard of review should apply irrespective of which party is dissatisfied with a PIP arbitration's outcome, cf. Division 540, supra, 76 N.J. at 253, n. 4, 386 A.2d 1290. Because PIP arbitration elected by the insured becomes mandatory for the carrier, plaintiff would have us view the carrier's challenge to an arbitration award as if it were the result of mandatory public sector arbitration. While that contention may have some facial validity, closer examination leads us to a different view. We reject plaintiff's premise that it would be unfair to subject the insuror to the limited Tretina standard of review.
Although the terms of PIP coverage, including the insured's right to elect arbitration, are mandated by statute, the carrier's participation in this market, circumscribed as it is by state law, is nevertheless voluntary. The PIP carrier has entered into a contract with its insured. Moreover, unlike the insured, whose interest lies in the outcome of a single PIP arbitration, the carrier's interest lies more in a predictable, consistent procedure and scope of review applicable across the board to all of the PIP arbitrations it faces. While a broader standard might allow the carrier to prevail in vacating certain arbitration awards it deems erroneous, such a standard would also jeopardize the finality of those awards the carrier deems favorable.
Additionally, to allow a substantial-credible-evidence test of a PIP award would require a verbatim record, with the attendant expense and delay that PIP arbitration is intended to avoid. The net result would *847 be to defeat the overall purpose of, and public policy behind, PIP arbitration: to provide a prompt, efficient, and inexpensive means of dispute resolution that will minimize and not maximize resort to the courts. We therefore see no fundamental unfairness in holding both sides to the limited scope of review mandated by Tretina. We are satisfied that PIP arbitration warrants no different standard. Thus to the extent that plaintiff's contention is that the arbitrator was wrong because he believed the wrong expert, her appeal from the confirmed award is without merit.
[Habick v. Liberty Mutual Fire Ins. Co., 320 N.J.Super. at 252, 727 A.2d 51.]
We adhere to Habick and apply it to the review of a PIP arbitration award challenged by the carrier. As a result, the "substantial evidence" test does not apply. Moreover, as the carrier does not challenge the scope of the arbitrator's authority or assert a basis for relief for "fraud, corruption, or similar wrongdoing" as provided in N.J.S.A. 2A:24-8 and -9, see Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc., 135 N.J. 349, 358, 640 A.2d 788 (1994), there was no basis on which to disturb the arbitrator's award regarding Ledesma. Similarly, the arbitrator's denial of an award for the services relating to Genao cannot be disturbed.[2]
Accordingly, the judgment of the Law Division is affirmed on the Genao claim and reversed as to the Ledesma claim. The matter is remanded to the Law Division for entry of an amended judgment in accordance with this opinion.
NOTES
[1] R. 1:36-3 provides that "[n]o unpublished opinion shall constitute precedent or be binding upon any court," and with certain exceptions not here applicable, "no unpublished opinion shall be cited by any court."
[2] We have this date filed our opinion in Clarendon National Insurance v. Neuro-Imaging Diagnostics, Inc., 321 N.J.Super. 248, 728 A.2d 843 (App.Div.1999), which holds to the same effect.